F I L E D
United States Court of Appeals
Tenth Circuit

JAN 4 1999

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

JAVIER SOTO-HOLGUIN,

    Defendant - Appellee.

No. 97-2199

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 96-CR-696)

Jason Bowles, Assistant United States Attorney (John J. Kelly, United States Attorney, with him on the brief) Las Cruces, New Mexico, for Plaintiff-Appellant.

Richard C. Cauble, Las Cruces, New Mexico, for Defendant-Appellee.

Before **BALDOCK**, **BRISCOE**, and **LUCERO**, Circuit Judges.

**BALDOCK**, Circuit Judge.

On November 12, 1996, United States Border Patrol agents, driving along a ranch road near New Mexico State Highway 9, spotted footprints crossing the road. Aware that many drug smugglers hire poverty-stricken Mexican citizens to carry backpacks full of

drugs across the United States-Mexico border on foot, the agents followed the footprints. Soon thereafter, the agents observed Defendant Javier Soto-Holguin and several other individuals carrying backpacks across the desert. As the agents drew near, the "backpackers" abandoned their packs and scattered into the desert. Agents apprehended Defendant and another "backpacker" and recovered more than 400 pounds of marijuana from the group's abandoned backpacks.

Defendant pled guilty to importation of marijuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2), and possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In the plea agreement, the government stipulated that Defendant was entitled to a three-level reduction for acceptance of responsibility, a four-level reduction for having only a minimal role in the offense, and a two-level "safety valve" reduction. Prior to sentencing, on April 3, 1997, Defendant filed a motion requesting that the district court depart below the sentencing level specified in the plea agreement. Seven days later, on April 10, 1997, the district court denied the motion to depart downward and sentenced Defendant to twenty-four-months imprisonment. On April 11, 1997, Defendant filed a motion for reconsideration of sentence. The district court entered judgment against Defendant on April 25, 1997. Seven days later, on May 2, 1997, the district court vacated Defendant's sentence. On May 7, 1997, the district court, deciding that the binding sentencing guidelines were neither fair nor well reasoned, resentenced Defendant to ten months

2

imprisonment. The government timely filed its notice of appeal.

On appeal, the government argues that the district court lacked jurisdiction to resentence Defendant and, in the alternative, that the district court erred in departing below the sentencing level agreed to in the plea agreement. Defendant, who has completed the ten-month sentence imposed by the district court, urges us to dismiss the appeal as moot. For the reasons that follow, we conclude the appeal is not moot and that the district court lacked jurisdiction to resentence Defendant. Accordingly, we reverse and remand with instructions that Defendant's April 10, 1997, sentence be reinstated.

## I. Mootness

Defendant's mootness argument is straightforward.[1] Defendant argues that because he has served the ten-month sentence imposed by the district court and been deported to Mexico, no live case or controversy exists and the appeal must be dismissed. For the following reasons, we reject Defendant's argument.

Defendant argues that because he has been deported, the court cannot grant effective relief to the government should it prevail on appeal. In United States v. Villamonte-Marquez, 462 U.S. 579 (1983), a jury convicted two foreign nationals of drug smuggling. On appeal, the Second Circuit reversed their convictions based upon a perceived Fourth Amendment violation. The government successfully filed a petition for

---

[1] This appeal was argued concurrently with United States v. Dominguez-Carmona, et. al., No. 97-2197 (10th Cir. 1998). The mootness arguments raised in this appeal are identical to those raised by the defendants in Dominguez-Carmona.

certiorari with the Supreme Court, but did not obtain a stay of the mandate. Accordingly, while the case was pending before the Supreme Court, the defendants were released from custody and deported. The defendants argued that their deportation mooted the matter. The Court concluded that because the defendants could be extradited and imprisoned for their crimes or re-enter this country on their own and be subject to arrest and imprisonment, that their deportation did not render the case moot.

The posture of this case is strikingly similar to <u>Villamonte-Marquez</u>. If the government is successful in this appeal, it could seek to have Defendant extradited[2] or he could re-enter the country on his own. In either situation, Defendant would be subject to arrest and imprisonment for the remainder of his sentence. Accordingly, we reject Defendant's argument that we cannot grant effective relief if the government prevails in this appeal.

Defendant's argument that the case is moot because he has served the sentence imposed by the district court is equally unpersuasive. In <u>Sibron v. New York</u>, 392 U.S. 40, 56 (1967), the Supreme Court held that criminal appeals are moot only where dismissing the case as moot would have no "collateral legal consequences" upon the

---

[2] Qualified by her statement that extradition in this case is a practical impossibility, Plaintiff's counsel conceded at oral argument the existence of an extradition treaty between the United States and Mexico which would presumably allow the government to extradite Defendant. Although we realize the difficulties associated with extraditing a defendant from a foreign country, we are reluctant to assume that the Mexican government would not cooperate with United States authorities regarding extradition in this case.

defendant. Prior to the introduction of the Sentencing Guidelines, federal courts dismissed as moot, appeals attacking completed sentences. E.g., North Carolina v. Rice, 404 U.S. 244 (1971). These decisions rest on the notion that no collateral consequences attach to an already served sentence. See id. Under the Sentencing Guidelines, however, the length of an already served sentence may be used to enhance sentences imposed for future convictions. See U.S.S.G. § 4A1.1. We have held that, in light of the guidelines, an appeal of an already completed sentence is not moot if there is any possibility that the length of the disputed sentence may affect the duration of any future sentence. United States v. Chavez-Palacios, 30 F.3d 1290, 1293 (10th Cir. 1994); accord United States v. Cottman, 142 F.3d 160, 165 (3d. Cir. 1998); United States v. Kassar, 47 F.3d 562, 565 (2d Cir. 1995); United States v. Fadayini, 28 F.3d 1236, 1241 (D.C. Cir. 1994); United States v. Dickey, 924 F.2d 836, 838 (9th Cir. 1991).

For purposes of calculating a defendant's criminal history category, the Sentencing Guidelines distinguish between sentences greater than and less than thirteen months. See U.S.S.G. § 4A1.1(a) and (b). Because the challenged sentence is less than thirteen months, while the sentence requested by the government is greater than thirteen months, the outcome of this appeal can have collateral legal consequences upon Defendant. Thus, the appeal is not moot.

## II. Jurisdiction to Resentence

"We review de novo the district court's legal determination that it possessed

jurisdiction to modify Defendant's sentence." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). A district court has no "inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). Title 18 U.S.C. § 3582(c) sets forth the instances in which a district court may correct or modify a previously imposed sentence. Id. Section 3582(c) authorizes a district court to correct or modify a sentence when: (1) it receives a motion from the Bureau of Prisons stating that extraordinary and compelling reasons warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission; (2) within seven days after imposing the sentence, the court acts under Fed. R. Crim. P. 35(c) to correct an arithmetical, technical, or other clear error present in the previously imposed sentence; or (3) a defendant has been sentenced based upon a sentencing range subsequently lowered by the Sentencing Commission.

Although the district court in this case did not specify its authority for resentencing Defendant, Rule 35(c) provides the only plausible avenue by which the district court could properly correct or modify Defendant's original sentence.[3] Under Rule 35(c), the

---

[3] Fed R. Crim. P. 36 provides an additional avenue through which a district court may correct clerical mistakes in judgments, orders or other parts of the record and other errors in the record resulting from oversight or omission. See United States v. Blackwell, 81 F.3d 945, 948 (10th Cir. 1996). The rule does not give a district court authority to substantively modify a sentence. Id. Here, the district court substantively modified Defendant's sentence.

court, acting within seven days after sentencing,[4] may "correct a sentence imposed as a result of arithmetical, technical, or other clear error." The scope of the district court's authority under Rule 35(c) is not broad. Instead, the rule is

> intended to be very narrow and to extend only to those cases in which an error or mistake has occurred in the sentence, that is errors which would most certainly result in remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court to simply change its mind about the appropriateness of the sentence.

Fed. R. Crim. P. 35 advisory committee notes.

The parties contest whether the district court acted to correct or modify Defendant's original sentence within the seven-day period proscribed by Rule 35(c). The district court originally sentenced Defendant to twenty-four-months imprisonment on April 10, 1997. One day later, on April 11, 1997, Defendant filed a motion to reconsider the sentence. On May 2, 1997, the district court vacated the original sentence. On May 7, 1997, the district court resentenced Defendant to ten-months imprisonment. Under Rule 35(c), the district court had until April 17, 1997, to modify or correct Defendant's sentence. Plainly viewed, the court missed the seven-day deadline.

Defendant contends, however, that because he filed a motion for reconsideration, Rule 35(c)'s seven-day time period did not begin to run until the district court acted on

___

[4] We have held, for purposes of Rule 35(c), that "sentence is imposed upon a criminal defendant when the [district] court orally pronounces sentence from the bench." United States v. Townsend, 33 F.3d 1230, 1231 (10th Cir. 1994).

his motion.  Relying on this logic, Defendant argues that the modification was timely.  Defendant did not cite and our research did not locate any statutes or cases requiring courts to toll the seven-day period while a motion for reconsideration is pending.  Defendant, in essence, urges us to create such a rule.  We need not examine the wisdom of this proposed rule, however, because, regardless of whether the district court acted within Rule 35(c)'s seven-day time limit, it had no jurisdiction to <u>substantively</u> modify Defendant's sentence.

The district court's authority to modify or correct Defendant's April 10, 1997, sentence was limited to arithmetical, technical, or other clear errors.  Fed. R. Crim. P. 35(c).  The district court had no authority to resentence Defendant on a whim or because of dissatisfaction with the sentencing guidelines.  The record clearly demonstrates that the district court's grounds for resentencing did not fall within the ambit of Rule 35(c).  At Defendant's second sentencing hearing, the district court notified the government that it intended to resentence Defendant in accordance with an unnamed Ninth Circuit case.  The government strenuously objected, arguing that such a sentence was clearly contrary to the sentencing guidelines.  Ignoring the government's objection, the district court stated:

> Well, here's the thing . . . I have thought about the people that have been on the sentencing commission, and circuit judges never look anybody in the eye in sentencing.  They just sit up there in their lofty little perch and pass judgment on what everybody else does, and then the district judges [that] have been on the sentencing commission, I don't think there's a single one who has ever sentenced a backpacker.  The current chairman is from the Middle District of Pennsylvania.  He obviously has never seen a backpacker. . . .

8

And I don't think those folks can quite realize the difference between this fellow, as he stands here before me totally uneducated, trying to make a buck, which, of course, I don't approve of, but when I compare the individual who has 200 Kilograms of marijuana . . . secreted in his car, he bondos his car, he's made false compartments, he's going to take it to Denver, he's going to make several thousand dollars, and for me to give this individual the same sentence I would give him just totally goes against what I think is fair and just.

Somewhere along the line in this business, sentencing folks, you've got to say something has to be fair and something has to be just, and that's basically what I am doing. And I welcome the opportunity for you to take me up to the Tenth Circuit, and they can tell me I'm wrong. By the time they tell me I'm wrong, he will be in Mexico. So you will have possibly a very hollow victory, if you have a victory, but [as] I look at it, there's nobody on that sentencing commission that ever sentenced a backpacker. . . .

The record demonstrates that after originally sentencing Defendant to twenty-four months imprisonment, the district court became concerned about whether or not the sentencing guidelines were just. The court concluded that the individuals who drafted the guidelines simply did not understand "backpacker sentencing." Therefore, the court decided to <u>substantively</u> modify Defendant's sentence in accordance with its belief.[5] Rule 35(c) gave it no such authority.

While we realize that looking Defendants in the eye and sentencing them to lengthy terms of imprisonment is a difficult task, we also realize that a federal district

---

[5] The district court's language also suggests that it purposely sentenced Defendant to a prison term so short that Defendant could complete the sentence and return to Mexico before this court could review the propriety of its actions. We can think of no situation where purposely structuring a sentence in order to avoid appellate review would be appropriate. See <u>United States v. Londono</u>, 100 F.3d 236, 242 (2d Cir. 1996).

court judge is not authorized to disregard established law because he feels it is unfair. Although some may not trust rules promulgated by a commission comprised of people from the Middle District of Pennsylvania and Circuit Judges who sit on lofty perches, Congress has authorized the Sentencing Commission to draft binding sentencing guidelines and guideline commentary. The district court had no authority to resentence Defendant simply because it disagreed with the Commission's conclusions.

## III. Conclusion

For the foregoing reasons, we REVERSE and REMAND with instructions that the district court vacate Defendant's May 2, 1997, sentence and reinstate Defendant's April 10, 1997, sentence. Defendant's motion to dismiss the appeal as moot is DENIED.

97-2199, *United States v. Soto-Holguin*

**LUCERO**, Circuit Judge, concurring.

I concur in the result.