**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAR 21 2000**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

BENITO MONTES-LOZANO,

    Defendant - Appellant.

No. 99-2132
(D.C. No. CR-98-479-BB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

    Mr. Montes-Lozano appeals from his conviction for importation of

marijuana, 21 U.S.C. §§ 952(a), 963, and conspiracy with intent to distribute, 21

U.S.C. §§ 841(b)(1)(B), 846. After pleading guilty, he was sentenced to 24

months imprisonment, followed by four years supervised release. Mr. Montes-

Lozano filed a motion for downward departure with the district court based upon

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

a variety of factors including the great risk of harm he placed himself in while engaged in "backpacking" the marijuana across the desert into the United States. I R. doc. 108. The district court denied his motion and Mr. Montes-Lozano appeals from this denial by way of an Anders brief filed by counsel.

"It is well settled that an appellate court lacks jurisdiction to review a sentencing court's refusal to depart from the Sentencing Guidelines when the sentencing court was aware that it had the authority to depart but declined to exercise that authority and grant the departure." United States v. Fagan, 162 F.3d 1280, 1282 (10th Cir. 1998) (exercising jurisdiction based on district court's unambiguous language that it lacked discretion). Review is only appropriate when the district court erroneously believed that the Sentencing Guidelines deprived it of the power to depart. See United States v. Barrera-Baron, 996 F.2d 244, 245 (10th Cir. 1993) (holding that statement by district judge that he was "not going to" depart was sufficient to show knowledge of discretion to depart).

In denying the motion, the district court made two important comments. When first presented with the motion, the court remarked: "All right. I've read your motion for downward departure. I wish I could do it. I cannot do that." II R. at 31.[1] Counsel then proceeded to fully explain the underlying risk of harm

---

[1]A statement by the court in denying a similar motion of another defendant during the same sentencing hearing puts the present statement into context. The court remarked: "I wish I could grant your motion for a downward departure, but

argument for a departure. When finished, the court responded: "I don't buy your argument on risk of harm . . . ." Id. at 35. It then sentenced Mr. Montes-Lozano.

Although the court's first statement could be read to imply that the court felt it lacked discretion to depart under any circumstances, such would not be a fair reading, particularly given the court's awareness of then-recent Tenth Circuit caselaw deciding that some of the same grounds relied upon by Mr. Montes-Lozano cannot be the basis for a valid departure. See United States v. Dominguez-Carmona, 166 F.3d 1052, 1057-59 (10th Cir. 1999), overruled on other grounds, United States v. Meyers, 200 F.3d 715, 722 n.3 (10th Cir. 2000); United States v. Soto-Holguin, 163 F.3d 1217, 1221-22 (10th Cir. 1999), overruled on other grounds, United States v. Meyers, 200 F.3d 715, 722 n.3 (10th Cir. 2000). A district court has no authority to depart on invalid grounds. Additionally, the district court's second statement shows that it was aware of its power to depart on valid grounds but declined to do so. The denial of the downward departure was within the discretion of the district court, and we have no jurisdiction to review that decision.

---

it's all pretty clear from the Tenth Circuit on backpackers." II R. at 18. See also id. at 19 ("As long as the United States Attorney takes the attitude they do, as long as the Tenth Circuit tells me what to do, there's not a whole heck of a lot to be done.").

APPEAL DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge