08-1542-cr
USA v. Vargas

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

───────────────────────────

August Term, 2008

(Argued March 13, 2009                                Decided May 5, 2009)

Docket No. 08-1542-cr

───────────────────────────

UNITED STATES OF AMERICA,

Appellee,

v.

RAPHAEL VARGAS, also known as Ralph, also known as Gordo, also known as Ralphy,

Defendant-Appellant.

───────────────────────────

Before: CALABRESI and LIVINGSTON, Circuit Judges, and RESTANI,[*] Judge.

───────────────────────────

Defendant Raphael Vargas appeals from a March 2008 judgment of the United States

District Court for the Eastern District of New York (Johnson, J.), which he claims unlawfully

extended his sentence of supervised release.  The district court initially sentenced Vargas to five

years of supervised release but revoked the supervised release and sentenced Vargas to six

months of home confinement in January 2008.  The March 2008 judgment continued the original

supervised release term.  We conclude that the district court could properly reimpose or extend

───────────────────────

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

the term of supervised release, but only after considering the relevant factors set forth in 18 U.S.C. § 3553(a).  Because the district court did not do so, we VACATE the March 2008 judgment and REMAND to the district court for resentencing based on consideration of the section 3553(a) factors.

> NORMAN TRABULUS, Law Office of Norman Trabulus, Esq., New York, NY, for Defendant-Appellant.
>
> STEPHEN E. FRANK, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

RESTANI, Judge:

Defendant Raphael Vargas appeals from a March 2008 judgment of the United States District Court for the Eastern District of New York (Johnson, J.).  The district court initially sentenced Vargas to five years' supervised release.  In January 2008, the district court found that Vargas violated a condition of supervised release, revoked the supervised release, and sentenced him to six months of home confinement.  In March 2008, the district court entered a judgment continuing Vargas' original five-year supervised release term.  Vargas claims that this judgment unlawfully extended his supervised release.  We conclude that the January 2008 judgment did not plainly continue or terminate Vargas' original supervised release and that neither the Double Jeopardy Clause of the Fifth Amendment to the Constitution nor 18 U.S.C. § 3583(e)(2) prevented reimposition or extension of the period of supervised release.  The district court, however, was required to consider the relevant factors set forth in 18 U.S.C. § 3553(a) before imposing the sentence.  Because the district court did not consider those factors, we vacate the March 2008 judgment and remand the case to the district court for resentencing based on

2

consideration of those relevant factors.

## BACKGROUND

In December 1998, Vargas pled guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii), which is punishable by a minimum of ten years' imprisonment, a maximum of life imprisonment, and a term of supervised release of at least five years. 21 U.S.C. § 841(b). In April 1999, the district court sentenced Vargas to ten years of imprisonment and five years of supervised release.

Vargas' supervised release began on March 16, 2007. One condition of supervised release required that Vargas obtain full-time employment. Vargas did not become employed for several months and pled guilty to violating the condition at a proceeding on January 8, 2008. The district court determined that "the sentence [for the violation] is going to be six months home confinement" with electronic monitoring. (Appellant's App. 23.) The district court entered judgment on a form entitled "JUDGMENT . . . (For Revocation of . . . Supervised Release)," stating that "the defendant shall be on supervised release for a term of: Six (6) months home confinement and electronic monitoring." (Id. at 26–27.) The district court did not mention at the proceeding or in the written judgment whether Vargas would serve any term of supervised release after the home confinement.

On March 17, 2008, however, the district court continued the original term of supervised release. The district court also entered judgment on a form entitled "AMENDED . . . JUDGMENT . . . (For Revocation of . . . Supervised Release)," stating that "the defendant shall be on supervised release for a term of: Supervised release continued. Six (6) months home confinement and electronic monitoring." (Id. at 35–36.)

3

Vargas appeals the March 2008 judgment. Vargas argues that because the district court revoked his supervised release and sentenced him to home confinement in January 2008, absent a new violation of his conditions of supervised release, the court could not continue the original term of supervised release, and that the court's March 2008 judgment was not authorized under Federal Rules of Criminal Procedure 35(a)[1] and 36[2] or under the federal supervised release statute, 18 U.S.C. § 3583. Vargas also argues that the March 2008 judgment violated the Double Jeopardy Clause.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo the district court's authority to modify or extend Vargas' term of supervised release, see United States v. Barresi, 361 F.3d 666, 671–72 (2d Cir. 2004), and Vargas' double jeopardy challenge, see United States v. Dionisio, 503 F.3d 78, 81 (2d Cir. 2007).

## DISCUSSION

This appeal arises from a misunderstanding among the parties and the district court regarding the January 2008 judgment. In the March 2008 proceeding, the district court apparently concluded that the January 2008 judgment omitted the important language that supervised release is "continued or discontinued" and concluded that it could correct the omission in the March proceeding. (Appellant's App. 31–33.) Vargas argues that the revocation

---

[1] Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

[2] Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

of supervised release and failure to mention in the January 2008 judgment any term of supervised release after the home confinement unambiguously indicates that his sentence would end after he served the six months of home confinement. The Government argues that the six-month sentence was only a punishment for the violation of the condition of supervised release and that the original term of supervised release remained intact but with an additional condition of home confinement for the next six months of the term. None of these interpretations is plainly correct.

Under 18 U.S.C. § 3583(e), a court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . , if the court . . . finds . . . that the defendant violated a condition of supervised release," 18 U.S.C. § 3583(e)(3), or "order the defendant to remain at his place of residence during nonworking hours " with electronic monitoring, id. § 3583(e)(4). When a court revokes supervised release for a period of time and sentences a defendant to imprisonment or home confinement, the court may also sentence the defendant to supervised release after imprisonment or home confinement. See 18 U.S.C. § 3583(h); United States v. Kremer, 280 F.3d 219, 220–21 (2d Cir. 2002). Therefore, in its January 2008 judgment, the district court could have sentenced Vargas to continued supervised release after completion of the six months of home confinement. The court, however, did not explicitly do so, which undermines the Government's argument that the original supervised release term remained.

The January 2008 judgment, however, does not support Vargas' argument, either. First, the January 2008 revocation did not necessarily eliminate the possibility that Vargas' supervised release might be reinstated. See Johnson v. United States, 529 U.S. 694, 705 (2000) (stating that "something about the term of supervised release survives the preceding order of revocation").

5

The United States Supreme Court has stated that "revoke" in the supervised release context means "'to call or summon back,' without the implication . . . that no further supervised release is subsequently possible." Id. at 706 (quoting Webster's Third New International Dictionary). The district court did not terminate Vargas' supervised release, and "unlike a 'terminated' order of supervised release, one that is 'revoked' continues to have some effect." Id. at 705–06.

Second, Vargas contends that the district court intended to impose six months of home confinement and reduce his total term of supervised release by almost four years as a punishment for his violation of a condition of supervised release. Such a "punishment" would be exceedingly odd, as it would preemptively terminate the required minimum of five years of supervised release. See 21 U.S.C. § 841(b).[3] Further, any such termination of Vargas' supervisory release period requires consideration of the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7).[4] See 18 U.S.C. § 3583(e).

---

[3] Assuming mandatory supervised release may be terminated after a defendant serves at least one year, see 18 U.S.C. § 3583(e)(1); United States v. Johnson, 529 U.S. 53, 60 (2000); United States v. Spinelle, 41 F.3d 1056, 1060–61 (6th Cir. 1994), the March hearing occurred before the expiration of the one-year period, which time juncture was reached during the six-months home confinement period. For purposes of this case we need not examine whether such a prospective termination would be proper. We note, however, that the correct way to cure a legal mistake is on direct appeal, not through a reconsideration and modification of the sentence under 18 U.S.C. § 3583(e)(2). See United States v. Lussier, 104 F.3d 32, 37 (2d Cir. 1997).

[4] The factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed . . .
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

(continued...)

6

Because we conclude that the January 2008 judgment did not clearly continue or terminate Vargas' original supervised release term, we analyze whether in March 2008 the district court had the authority to correct that judgment by extending Vargas' supervised release from six months' home confinement to six months' home confinement and continuance of the five years of supervised release. We need not decide whether Federal Rules of Criminal Procedure 35(a) and 36 authorized the district court to issue the March 2008 judgment because 18 U.S.C. § 3583(e) independently governs extensions of supervised release and corrections to sentences relating to supervised release. See United States v. Spallone, 399 F.3d 415, 426 (2d Cir. 2005); United States v. Navarro-Espinosa, 30 F.3d 1169, 1171 (9th Cir. 1994). Under 18 U.S.C. § 3583(e), a

> court may, after considering the factors set forth in [18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7)] . . . extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify . . . or enlarge the conditions of supervised release, at any time prior to the expiration or

---

[4](...continued)
> manner; . . .
> (4) the kinds of sentence and the sentencing range established for . . .
>> (B) in the case of a violation of . . . supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(3)], taking into account any amendments made to such guidelines or policy statements by act of Congress . . . ;
> (5) any pertinent policy statement—
>> (A) issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2)], subject to any amendments made to such policy statement by act of Congress . . . ; and
>> (B) that, except as provided in [18 U.S.C. §] 3742(g), is in effect on the date the defendant is sentenced[;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

termination of the term of supervised release, pursuant to the [relevant] provisions of the Federal Rules of Criminal Procedure.

18 U.S.C. § 3583(e)(2). Because 18 U.S.C. § 3583(e)(2) explicitly states that a court has the discretion to extend a term of supervised release "at any time" prior to its expiration or termination, the district court could extend Vargas' supervised release term up to the allowable limit after considering the relevant 18 U.S.C. § 3553(a) factors, which involve "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." Lussier, 104 F.3d at 35. Although district courts generally extend supervised release terms where "new circumstances," such as a new violation of a condition of supervised release, require extension "to further the general punishment goals of section 3553(a)," id. at 36, a district court may correct an inadvertent omission that runs against the policies of section 3553(a) by extending supervised release even in the absence of a new violation. See Navarro-Espinosa, 30 F.3d at 1170–71 (holding that 18 U.S.C. § 3583(e)(2) authorized the district court to include supervised release conditions inadvertently omitted from the original judgment).

Here, the district court apparently made such an omission in the January 2008 judgment when it revoked Vargas' supervised release and imposed a punishment of six months of home confinement without mentioning whether supervised release was continued or terminated after the home confinement. The district court, however, did not consider the section 3553(a) factors in the March 2008 proceeding when it extended Vargas' supervised release beyond the period of home confinement. Accordingly, we vacate the March 2008 judgment and remand the case to the district court to determine whether an extension is appropriate after considering the section

8

3553(a) factors.[5]

The Double Jeopardy Clause does not bar the district court from extending Vargas' supervised release pursuant to 18 U.S.C. § 3583(e)(2).  Vargas cannot assert a double jeopardy claim based on the January 2008 revocation proceeding and judgment because jeopardy does not attach during supervised release revocation proceedings.  United States v. Amer, 110 F.3d 873, 884 n.5 (2d Cir. 1997).  Additionally, the Double Jeopardy Clause's "requirement that a defendant only be punished once for a particular crime does not mean that this punishment cannot be modified or extended."  United States v. Pettus, 303 F.3d 480, 487 (2d Cir. 2002); see also United States v. DiFrancesco, 449 U.S. 117, 137 (1980) ("The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be.").  Reinstatement of supervised release after it is revoked does not place the defendant in double jeopardy because postrevocation penalties are attributable to the original conviction and are not new punishments.[6]  See Johnson, 529 U.S. at 700–01; Pettus, 303 F.3d at 487.

_____

    [5] Because the March 2008 judgment does not clearly indicate whether Vargas would have to serve the remainder of his original five-year supervised release sentence after the six months of home confinement or whether the six months of home confinement would count as part of the original supervised release term, the district court on remand also should clarify the relation between the six months of home confinement and the original five-year supervised release term.

    [6] Vargas also argues that the extension of his supervised release term in March 2008 violated the Double Jeopardy Clause because he "had a legitimate expectation that his January 2008 sentence and judgment would be final."  (Appellant's Br. 11.)  Although a legitimate "expectation of finality" is relevant to the double jeopardy analysis in the sentencing context, United States v. Rosario, 386 F.3d 166, 171 (2d Cir. 2004) (internal quotation marks omitted), "[t]he imposition of a term of supervised release is not necessarily final," partly because a court "may lengthen a term up to the maximum authorized amount," Pettus, 303 F.3d at 483.

**CONCLUSION**

For the foregoing reasons, we vacate the March 17, 2008, judgment and remand the matter to the district court to determine the term of supervised release, if any, that is appropriate upon consideration of the section 3553(a) factors.