NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2013
Decided February 14, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3033

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:10-CR-30086-WDS-001 |
| BERNARD MOSLEY, *Defendant-Appellant.* | William D. Stiehl, *Judge.* |

**ORDER**

Bernard Mosley tested positive for marijuana, violating the conditions of his supervised release, and the district court imposed 12 months' reimprisonment. Mosley filed a notice of appeal, but his appointed lawyer now seeks to withdraw because he believes the appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Mosley opposes his attorney's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Mosley's response. *See United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011); *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Six months after Mosley served a year-long prison sentence for possessing cocaine, *see* 21 U.S.C. § 844(a), he tested positive for marijuana while on supervised release. He agreed to a modification of the terms of his release to include home detention, but after his eighth curfew violation the government petitioned the district court to revoke his supervised release. Mosley admitted to those violations and others: marijuana possession, twice driving with a suspended license, failure to report to his probation officer, and serial failures to undergo drug testing. The district court revoked Mosley's supervised release and imposed the maximum 12 months permitted for his underlying offense, a class E felony because of his prior drug convictions. *See* 18 U.S.C. §§ 3583(e)(3), 3559(a)(5); 21 U.S.C. § 844(a).

Mosley's attorney relays that his client wishes to challenge only his term of reimprisonment on appeal, and Mosley's response does not suggest otherwise. Counsel was thus not obliged to explore the validity of the revocation itself. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel does explore whether Mosley could argue that the time he spent detained at home should be counted with his reimprisonment term against the statutory cap of 18 U.S.C. § 3583(e)(3). Some courts interpreted a prior version of § 3583(e)(3) to prohibit multiple impositions of reimprisonment, including home detention, beyond the limit set forth in that provision for the underlying offense (one year for Mosley as a class E felon). *Compare, e.g.*, *United States v. Ferguson*, 369 F.3d 847, 851 (5th Cir. 2004), *with United States v. Hager*, 288 F.3d 136, 137–38 (4th Cir. 2002). But the current version of the statute (which applies to Mosley's 2010 offense) applies the cap separately, as counsel notes, and does not aggregate all terms of reimprisonment. *United States v. Deutsch*, 403 F.3d 915, 917 (7th Cir. 2005); *United States v. Hampton*, 633 F.3d 334, 338 (5th Cir. 2011); *United States v. Knight*, 580 F.3d 933. 937–38 (9th Cir. 2009) (collecting cases). Thus, even assuming that home detention qualifies as "imprisonment" for purposes of § 3583(e)(3)—an uncertain proposition, *see United States v. Elkins*, 176 F.3d 1016, 1020 (7th Cir. 1999)—any previous split among the circuits has been resolved by statute, and it would be frivolous for Mosley to argue that his home detention should shorten his term of imprisonment.

Counsel also considers whether Mosley could argue that his term of 12 months is plainly unreasonable. But the district court adequately considered the applicable guideline policy statements, *see* U.S.S.G. § 7B1.4(a), and sentencing factors listed in 18 U.S.C. § 3553(a), in particular emphasizing the circumstances of his violations, noting that Mosley had proved incapable of fully cooperating with his probation officer. Reviewing this explanation, we would not find the term of reimprisonment plainly unreasonable.

*See United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007).

Mosley appears to propose arguing that he was punished twice for the same drug violation (once by the curfew, again by the reimprisonment), in violation of the Double Jeopardy Clause of the Fifth Amendment. But jeopardy does not attach to modifications or revocations of supervised release. *United States v. Sines*, 303 F.3d 793, 800–01 (7th Cir. 2002); *United States v. Vargas*, 564 F.3d 618, 624 (2d Cir. 2009); *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006).

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.