**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL HENDRIX,

    Defendant - Appellant.

No. 14-3239
(D.C. No. 6:03-CR-10148-MLB-1)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **HOLMES** and **MATHESON**, Circuit Judges.

Two-and-a-half hours after sentencing Michael Hendrix for violating the terms of

his supervised release, the district court imposed an additional year of supervised release.

Mr. Hendrix appeals, arguing the district court lacked jurisdiction to do so. We agree.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we reverse and

remand.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On September 27, 2004, Mr. Hendrix pled guilty to two counts of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced him to 96 months in prison followed by a three-year term of supervised release, which began on June 21, 2012. The Government subsequently petitioned to revoke Mr. Hendrix's supervised release based on allegations that he had (1) failed to comply with the policies and procedures of his residential reentry center, (2) failed to participate in mental health and/or sex offender treatment, and (3) possessed sexually explicit materials.

At his October 6, 2014 revocation hearing ("first revocation hearing"), Mr. Hendrix admitted to the violations. After describing Mr. Hendrix as a danger to the community and recommending that he be "lock[ed] . . . up for the rest of [his] life," the district court sentenced Mr. Hendrix to two years in prison. ROA, Vol. 3 at 16-17. When the court asked whether it had "covered everything," defense counsel replied, "I believe so, Your Honor." ROA, Vol. 3 at 17. The court concluded the proceeding and went into recess at 1:10 p.m.

At 3:50 p.m., the district court reconvened the hearing ("second revocation hearing"). The court advised the parties that in "imposing the two-year sentence today, [it] neglected to cover the matter of supervision and clarify that there's a one-year term of supervision." ROA, Vol. 3 at 17-18. Mr. Hendrix did not object, and the hearing concluded at 3:51 p.m. Mr. Hendrix now appeals, arguing the district court lacked jurisdiction to impose the one-year term of supervised release.

## II.  DISCUSSION

### A.  Standard of Review

Because Mr. Hendrix's claim of error implicates subject matter jurisdiction, we review the district court's ruling de novo. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) ("We review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence."). We do so even though Mr. Hendrix failed to object in district court. *See United States v. Washington*, 653 F.3d 1251, 1257 (10th Cir. 2011) ("[D]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." (citation omitted)).

### B.  Jurisdiction and Rule 35

Federal courts "lack jurisdiction to modify a term of imprisonment once it has been imposed," except where a modification is "statutorily authorized." *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013). A sentence becomes final when there is a "formal break in the proceedings from which to logically and reasonably conclude that sentencing had finished." *United States v. Luna-Acosta*, 715 F.3d 860, 865 (10th Cir. 2013) (quotation omitted). Because the imposition of supervised release followed a "formal break in the proceedings," Mr. Hendrix contends the district court could impose supervised release—thereby modifying his sentence—only if it derived its jurisdiction from a statutory exception. We agree.

The only potentially relevant exception is a court's power to "modify an imposed term of imprisonment to the extent . . . expressly permitted by . . . Rule 35 of the Federal

Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Under that rule, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

The "scope of the district court's authority under [Rule 35(a)] is not broad." *United States v. Soto-Holguin*, 163 F.3d 1217, 1221 (10th Cir. 1999), *overruled on other grounds*, *United States v. Meyers*, 200 F.3d 715 (10th Cir. 2000). A "district court [may] not use Rule 35 to re-open issues previously resolved at sentencing," *United States v. Bedonie*, 413 F.3d 1126, 1129 (10th Cir. 2005), or to "alter a sentence for substantive reasons after it has been verbally imposed," *United States v. Mendoza*, 543 F.3d 1186, 1196 (10th Cir. 2008). As this language suggests, the rule does not afford the court or the parties a second bite at the sentencing apple:

> The Advisory Committee Notes to [Rule 35(a)] state that "[t]he authority to correct a sentence under this subdivision is intended to be very narrow ... [.] The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing. . . . "

*Bedonie*, 413 F.3d at 1129-30 (alterations in original) (quotation omitted).

In a few cases, we have elaborated this principle by identifying changes that are permissible under Rule 35(a). We have held, for instance, that "failure to include the specific reasons for a variance in the written order of judgment and commitment constitutes 'clear error' for purposes of Rule 35(a)." *Mendoza*, 543 F.3d at 1195. But mostly we have defined Rule 35(a) "clear error" through exclusion. A district court may

not invoke Rule 35 to revisit sentencing decisions that are "discretionary, not mandatory," such as ordering restitution to victims. *Bedonie*, 413 F.3d at 1130 (quotation omitted). Nor may a court reduce a defendant's term of imprisonment because it decides, upon further consideration, that the Guidelines are too harsh. *Soto-Holguin*, 163 F.3d at 1221-22. And Rule 35(a) does not confer on district courts the power to modify a previously entered forfeiture order. *See United States v. Libretti*, 38 F.3d 523, 527 n.4 (10th Cir. 1994).

The omission of supervised release is not the kind of "arithmetical, technical, or other clear error" Rule 35(a) contemplates. Adding supervised release reflected a "substantive," "discretionary" decision to impose a sentencing term the district court had implicitly rejected by adjourning the first sentencing hearing after imposing two years' imprisonment. Because that hearing formally concluded at 1:10 p.m., Rule 35 did not empower the district court at 3:50 p.m. to "modify" Mr. Hendrix's sentence by tacking on an additional year of supervised release.

C. **Jurisdiction Under 18 U.S.C. § 3583(e)(2) and Harmless Error**

The Government argues that, notwithstanding the narrow scope of Rule 35, the district court was authorized to impose an additional year of supervised release under 18 U.S.C. § 3583(e)(2). That statute permits a district court to "extend a term of supervised release if less than the maximum authorized term was previously imposed . . . at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). Mr. Hendrix's original three-year term of supervised release was less than

-5-

the statutorily authorized maximum. *See* 18 U.S.C. § 3583(k) (permitting term up to life for violations of 18 U.S.C. § 2252). That term had not expired as of his October 6, 2014 revocation hearing, and the district court did not terminate it on that date. On the Government's view, therefore, the court had authority to "extend" that three-year term at the second revocation hearing.

The Government's argument is correct as far as it goes. "[A] 'revoked' term of supervised release survives to be served in prison . . . [and] any balance not served in prison may survive to be served out as supervised release." *Johnson v. United States*, 529 U.S. 694, 707 (2000). As a result, Mr. Hendrix's original, unexpired term of supervised release could have been extended at the second revocation hearing despite being revoked at the first. *See United States v. Vargas*, 564 F.3d 618, 622 (2d Cir. 2009) (noting that revocation of defendant's supervised release "did not necessarily eliminate the possibility that [his] supervised release might be reinstated") (citing *Johnson*, 529 U.S. at 705-06 ("[U]nlike a 'terminated' order of supervised release, one that is 'revoked' continues to have some effect.")).[1]

---

[1] Mr. Hendrix argues this interpretation is precluded by 18 U.S.C. § 3583(h), which provides that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." We disagree. Section 3583(e)(2) permits extension of a preexisting term of supervised release only if "less than the maximum authorized term was previously imposed." Section 3583(h) clarifies that if a defendant has almost entirely served out his original, maximum term of supervised release at the time he is revoked, the court may still impose, as part of the revocation sentence, a term of supervised release greater than whatever balance remains

Continued . . .

But the argument succeeds only if, at the second revocation hearing, the district court was "extending" Mr. Hendrix's original term of supervised release, rather than "modifying" his two-and-a-half-hour-old sentence for violation of supervised release. The record cannot bear this interpretation. The district court did not identify the source of its authority to impose the additional year of supervised release. And its language at the second revocation hearing—in particular, its statement that it wanted to "clarify" the term of supervised release it had "neglected" to address previously—makes clear the district court believed it was modifying the sentence Mr. Hendrix received for violating his original term of supervised release. As explained above, the district court lacked jurisdiction to do so.

Although it does not use these words, the Government appears to argue that, even if the district court exceeded its Rule 35(a) authority, doing so was harmless error. But "such an argument 'misunderstands the nature of a jurisdictional requirement: a litigant's failure to clear a jurisdictional hurdle can never be "harmless" or waived by a court.'" *In re Woosley*, 855 F.2d 687, 688 (10th Cir. 1988) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 n.3 (1988)); *see also United States v. Larsen*, 948 F.2d 1295, 1991 WL 240140, at *3 (10th Cir. Nov. 12, 1991) (unpublished), *overruled on other grounds*, *United States v. Flowers*, 464 F.3d 1127, 1130 n.1 (10th Cir. 2006) (finding harmless-error analysis inapplicable where Government failed to comply with

---

on the original term. Thus § 3583(h) does not, as Mr. Hendrix argues, render § 3583(e)(2) superfluous.

-7-

jurisdictional requirement to "serve an information [on the defendant] stating which prior drug-related conviction it intended to rely on in seeking an enhanced sentence as required under [21 U.S.C.] § 851(a)(1)").[2] The district court lacked jurisdiction to impose a supervised release term for the 2014 revocation violations. To add a supervised release term to the one Mr. Hendrix was serving for his 2004 convictions, the court needed to invoke § 3583(e)(2), which it did not do.

### D.  **Affirm on an Alternative Ground**

We "can affirm a lower court's ruling on any grounds adequately supported by the record, even grounds not relied upon by the district court." *United States v. Mabry*, 728 F.3d 1163, 1166 (10th Cir. 2013) (quotation omitted). The decision whether to do so is committed to our "discretion." *United States v. Damato*, 672 F.3d 832, 844 (10th Cir. 2012). "We have identified several guiding factors in determining whether to consider an alternative theory: '[1] whether the ground was fully briefed and argued here and below; [2] whether the parties have had a fair opportunity to develop the factual record; and [3] whether, in light of factual findings to which we defer or uncontested facts, our decision would involve only questions of law.'" *Id.* (citation omitted).

Assuming without deciding we can affirm Mr. Hendrix's term of supervised release on the alternative jurisdictional ground provided by § 3583(e)(2), these factors

---

[2] Although not precedential, we find the reasoning of this unpublished opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

counsel against doing so. Although the parties discuss this statute in their appeal briefs, neither the district court nor the parties mentioned § 3583(e)(2) at either of the October 6, 2014 revocation hearings, nor was it briefed in district court. The issue therefore was not "fully briefed and argued . . . below." Perhaps more important in this case, the application of § 3583(e)(2) does not "involve only questions of law." Sentencing is a discretionary endeavor; whether to impose supervised release is not a question susceptible of resolution solely through legal analysis. Because the district court did not address § 3583(e)(2) during sentencing, we hesitate to assume it would invoke its authority to extend Mr. Hendrix's original term of supervised release if presented with the opportunity. The district court should decide in the first instance whether an extension is appropriate. Accordingly, we decline to affirm on an alternative ground.

### E.  **Remand**

When a district court announces a second sentence that it lacked jurisdiction to impose, we "strike down the later sentence and remand the case with instructions to reinstate the defendant's original sentence." *United States v. Green*, 405 F.3d 1180, 1188 (10th Cir. 2005). On remand, the district court should reinstate the sentence it announced at the first revocation hearing, which consisted of only two years' imprisonment, with no term of supervised release. Based on the foregoing analysis, the district court may consider invoking its jurisdiction under 18 U.S.C. § 3583(e)(2).

## III. **CONCLUSION**

The district court lacked jurisdiction to impose additional supervised release under Rule 35.  Notwithstanding § 3583(e)(2), harmless error does not apply, and we decline to affirm on an alternative ground.  We therefore reverse and remand to the district court to reinstate Mr. Hendrix's original sentence and conduct any further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

14-3239, United States v. Hendrix
**LUCERO**, J., dissenting.

I respectfully dissent from the majority's order and judgment, in which my colleagues hold that the district court lacked jurisdiction under Fed. R. Crim. P. 35(a) to add a term of supervised release two and a half hours after Hendrix's initial hearing. (Majority Order & J. 5.) I would permit the district court to correct its obvious error. Under Rule 35(a), a court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the "oral announcement of the sentence." Fed. R. Crim. P. 35(a), (c). Such post-judgment sentence corrections are "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." United States v. McGaughy, 670 F.3d 1149, 1158 (10th Cir. 2012). I agree that the "scope of the district court's authority under [Rule 35(a)] is not broad," United States v. Soto-Holguin, 163 F.3d 1217, 1221 (10th Cir. 1999), but I conclude this is one of those rare cases that presents an "other clear error" under Rule 35(a).

Hendrix initially requested an additional term of supervised release in lieu of imprisonment. The trial court expressed concern that Hendrix would be a danger to himself and the community, and recommended that the Bureau of Prisons consider civil commitment. That the district court did not initially include a term of supervision indicates an obvious failure to address Hendrix's request. Because it was simply correcting an obvious error, the district court had jurisdiction to add the term of supervision. Judges are not automatons. There has to be some tolerance for a clear

oversight, and this was one. The correction was made before the sun had set on the original sentence.

This is not a case in which the court changed its mind in the intervening two and a half hours. Cf. United States v. Gordon K., 257 F.3d 1158, 1161-62 (10th Cir. 2001) (under Rule 35, the district court may not simply "change its mind about the appropriateness of the sentence" based on new information); United States v. Bedonie, 413 F.3d 1126, 1129-30 (10th Cir. 2005) (same). In both Gordon K. and Bedonie, the district court reversed course on the issue of restitution based on new information that arose after the hearing ended. Gordon K., 257 F.3d at 1162 (district court impermissibly considered new information concerning defendant's ability to pay); Bedonie, 413 F.3d at 1130 (district court impermissibly ordered post-hearing briefing on restitution award). A "clear error" cannot be premised on information the court did not have at the time of the hearing. Gordon K., 257 F.3d at 1162. But this case does not involve discovery of new information before the district court imposed the additional term of supervision; instead, it is a case of a clear oversight by the district court. A district court does not exceed its jurisdiction by correcting what it had "neglected to cover."

For this reason, I would affirm.