FILED
United States Court of Appeals
Tenth Circuit

December 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL HENDRIX,

Defendant - Appellant.

No. 16-3023

(D.C. No. 6:03-CR-10148-JTM-1)

D. Kansas

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **HOLMES**, Circuit Judges.[**]

## I. Introduction

Defendant-Appellant, Michael Hendrix, challenges the district court's

authority to extend his original term of supervised release by one year. Although

this court has already ruled against Hendrix on that very issue, *United States v.*

*Hendrix* (*Hendrix I*), 630 F. App'x 816, 819-20 (10th Cir. 2015), he asserts our

___

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,
submitted without oral argument.

prior decision is "clearly erroneous" and, thus, the law of the case doctrine does not preclude reconsideration of the issue. *See McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000) (holding law of the case principles do not prevent this court from revisiting a prior ruling if that ruling "was clearly erroneous and would work a manifest injustice"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the district court's judgment.

## II. Background

In 2004, Hendrix was convicted of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). *Hendrix I*, 630 F. App'x at 817. He was sentenced to ninety-six months' imprisonment and three years' supervised release. *Id*. Hendrix began his term of supervision on June 21, 2012. *Id*. Approximately two years later a warrant was issued for his arrest based on three charged violations of his supervised release. At a revocation hearing held on October 6, 2014, Hendrix admitted to the three charged violations and was sentenced to two years' imprisonment. *Id*. Approximately three hours after the hearing concluded, the district court held a second hearing, stating it "neglected to cover the matter of supervision" at the earlier hearing. *Id*. The court then added a one-year term of supervision to the two-year term of imprisonment it had imposed earlier in the day. *Id*.

Hendrix appealed the imposition of the one-year term of supervision. This court ruled that Rule 35 of the Federal Rules of Criminal Procedure did not give

-2-

the district court authority to subsequently add a year of supervised release to Hendrix's two-year term of imprisonment for the supervised release violation. *Id*. at 817-19 (holding the sentencing "hearing formally concluded at 1:10 p.m." and "Rule 35 did not empower the district court at 3:50 p.m. to 'modify' Mr. Hendrix's sentence by tacking on an additional year of supervised release"). We also examined whether the district court had jurisdiction under 18 U.S.C. § 3583(e)(2) to extend Hendrix's original, unexpired term of supervised release at the second hearing. *Id*. at 819-20. We concluded "Hendrix's original, unexpired term of supervised release could have been extended at the second revocation hearing despite being revoked at the first." *Id*. at 819 (discussing 18 U.S.C. § 3583(e)(2)). The record, however, did not confirm whether the district court relied on § 3583(e)(2) when it imposed the additional year of supervised release. Accordingly, although the mandate directed the district court to "reinstate the sentence it announced at the first revocation hearing," the court was also instructed to "consider invoking its jurisdiction under 18 U.S.C. § 3583(e)(2)." *Id*. at 821.

On remand, the district court, *inter alia*, invoked its authority under § 3583(e)(2) to extend Hendrix's original term of supervised release by one year. In so doing, the court rejected Hendrix's arguments that the discussion of § 3583(e)(2) in *Hendrix I* is dicta and § 3583(e)(2) is inapplicable when a term of

supervised release has been revoked, thus rendering the latter an impermissible basis on which to impose the additional year of supervision.

## III.  Discussion

The district court's decision to impose the one-year term of supervised release was based on its conclusion that Hendrix would benefit from services available through the United States Probation Office.  Hendrix does not challenge this conclusion.  He, instead, argues the district court did not have authority under § 3583(e)(2) to extend his original term of supervision.  Recognizing this court specifically ruled in *Hendrix I* that the district court did have such authority, Hendrix asserts the law of the case doctrine does not preclude reconsideration of the issue.[1]

Under the law of the case doctrine, "a court should not reopen issues decided in earlier stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997); *see also Bishop v. Smith*, 760 F.3d 1070, 1082 (10th Cir. 2014).  As Hendrix correctly asserts, the doctrine is discretionary, not mandatory,  *Bishop*, 760 F.3d at 1082, and this court has identified "three exceptionally narrow circumstances" under which it will not adhere to the doctrine: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling

---

[1]Hendrix has abandoned his claim that the decision in *Hendrix I* was dicta. *See Wilmer v. Bd. of Cty. Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995) ("Law of the case principles do not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded." (quotation omitted)).

authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). Hendrix argues the third exception is applicable here because the decision in *Hendrix I* is not supported by Supreme Court precedent and the reasoning behind the decision is not sound.

We first address the government's argument that Hendrix has waived or forfeited the issue he seeks to raise on appeal. *See United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) (setting out the distinction between waiver and forfeiture). The government's argument is compelling. On remand, Hendrix asserted *Hendrix I* was wrongly decided but opposed application of its ruling on the grounds the discussion of § 3583(e)(2) was dicta. Having reviewed the transcript of the sentencing hearing held on January 28, 2016, we can state, without hesitation, that the law of the case doctrine was not referenced or argued by Hendrix. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) ("[I]f the theory simply wasn't raised before the district court, we usually hold it forfeited."). The sentencing transcript is consistent with the brief Hendrix submitted in response to the district court's order to show cause; there is no

mention of the law of the case doctrine or any exception thereto.[2]  Thus, we have no doubt Hendrix's law of the case argument is forfeited.

The government argues this court should decline to consider Hendrix's argument and deny his appeal because he failed to argue for the application of plain error review of the forfeited claim in his opening brief and, thus, has waived the issue presented on appeal.  *Id*. at 1128-29 (holding forfeited theories will be reversed on appeal only if the appellant can satisfy the plain error standard); *id*. at 1131 (holding, in a civil matter, that the failure to argue for plain error review of a forfeited claim "marks the end of the road for an argument for reversal").  Hendrix counters that jurisdictional challenges cannot be waived or forfeited.  *Huerta v. Gonzales*, 443 F.3d 753, 755 (10th Cir. 2006) ("Jurisdictional challenges can be made by any party or the court at any time and are not subject to waiver or forfeiture.").  Hendrix's argument misapprehends the nature of the law-of-the-case issue he asks us to address in the instant matter.  This appeal does not involve *de novo* review of a jurisdictional question—that question has already been resolved against Hendrix in *Hendrix I*.  Instead, the only issue now before this court is whether the district court erred by applying the law of the case doctrine on remand.  "The circuits have agreed that [the law of the case doctrine] applies to a situation . . . where a prior panel of the same court resolved a

_____

[2]We *sua sponte* supplement the record in this matter with the record in *Hendrix I*.

jurisdictional matter in an earlier appeal." *Bishop*, 760 F.3d at 1084 (ruling any argument that a jurisdictional issue is not subject to the law of the case doctrine "is squarely foreclosed by Supreme Court precedent").

Notwithstanding Hendrix's forfeiture of the law-of-the-case issue, he is not entitled to the relief he seeks.

> The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. . . . [W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.

*Alvarez*, 142 F.3d at 1247 (quotations omitted). Hendrix attempts to avoid this result by arguing the ruling in *Hendrix I* was clearly erroneous and manifestly unjust and, thus, the district court erred by following it. *See Bishop*, 760 F.3d at 1085 (setting out the three narrow exceptions to the law of the case doctrine). Specifically, he asserts the ruling is clearly erroneous because (1) it was based on Supreme Court dicta and (2) ignored the entire statutory scheme of 18 U.S.C. § 3583.

The Fourth Circuit has described the high burden of the clearly erroneous exception as requiring an appellant to show the prior decision was "dead wrong" not "just maybe or probably wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quotations omitted). Hendrix attempts to meet his burden in two ways. First, he argues the ruling in *Hendrix I* is supported only by dicta from the

Supreme Court's decision in *Johnson v. United States*, 529 U.S. 694 (2000).  This court, however, "considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings" *Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996).  Further, as Hendrix himself concedes, other circuit courts of appeals have also relied on *Johnson* for the proposition that a district court may extend a term of supervised release even if it was previously revoked.  *See, e.g.*, *United States v. Winfield*, 665 F.3d 107, 112 (4th Cir. 2012) (holding the district court's revocation of defendant's term of supervised release "did not end the court's jurisdiction over [defendant's] release"); *United States v. Vargas*, 564 F.3d 618, 622-23 (2d Cir. 2009) (concluding the revocation of a term of supervised release was not the equivalent to its termination and, thus, the district court had authority to extend the defendant's term of supervised release even though it had been revoked).  Although Hendrix argues these cases were also wrongly decided, their conformity with *Hendrix I* significantly undermines his assertion that *Hendrix I* is "dead wrong."

Hendrix also asserts the *Hendrix I* panel failed to consider the entire statutory scheme of 18 U.S.C. § 3583 when it concluded § 3583(e)(2) gave the district court jurisdiction to extend his revoked term of supervised release.  The fallacy of this argument is apparent from the record.  In the reply brief Hendrix filed in *Hendrix I*, he vigorously challenged the government's position that the district court had authority under § 3583(e)(2) to extend his term of supervised

-8-

release.  Hendrix's arguments, therefore, were fully considered by the prior panel. Although Hendrix now presents a more detailed and thorough argument in support of his position, he has not identified any impediment that foreclosed him from making these arguments in *Hendrix I*.  In any event, these expanded arguments do not persuade us that the decision in *Hendrix I* is "dead wrong."

*Hendrix I* contains a comprehensive discussion of the reasoning behind its conclusion that the district court retained jurisdiction over Hendrix's revoked term of supervised release.  Relying on the Supreme Court's decision in *Johnson*, this court concluded Hendrix's term of supervised release, although revoked, was not extinguished because it was not terminated or expired.  *Hendrix I*, 630 F. App'x at 819.  Because Hendrix's supervision was not extinguished, the district court retained authority to extend the term.  18 U.S.C. § 3583(e)(2) (authorizing a sentencing court to extend a defendant's term of supervised release "at any time prior to the expiration or termination of the term").  Hendrix has not directed this court to any decision that contravenes the holding in *Hendrix I* regarding a district court's authority to extend a revoked term of supervised release pursuant to § 3583(e)(2).

Because the decision in *Hendrix I* is not clearly erroneous, it constitutes law of the case and the district court did not err by following the decision when it extended Hendrix's term of supervised release.

## IV.    Conclusion

The district court's judgment extending Hendrix's term of supervised release is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge