**UNITED STATES of America,**
**Appellee,**

v.

**Daniel KREMER, Defendant–**
**Appellant.**

**Docket No. 01–1486.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 24, 2002.

Decided Feb. 8, 2002.

---

Joseph B. Mistrett, First Asst. Federal Public Defender, Buffalo, NY, (MaryBeth Covert, Office of the Federal Public Defender, Buffalo, NY, on the brief), for defendant-appellant.

Gretchen L. Wylegala, Asst. U.S. Atty., Buffalo, NY, (Kathleen M. Mehltretter, U.S. Atty., Gregory L. Brown, Asst. U.S. Atty., Buffalo, NY, on the brief), for appellee.

Before JON O. NEWMAN and KEARSE, Circuit Judges, and RAKOFF,* District Judge.

JON O. NEWMAN, Circuit Judge.

This appeal presents the narrow issue of whether a District Court, upon finding a violation of supervised release, may both extend the term of supervised release and impose home detention as a condition of such release. Daniel Kremer appeals from the August 22, 2001, judgment of the United States District Court for the Western District of New York (William M. Skretny, District Judge), sentencing him to twelve months for violating an extended term of supervised release. He contends that the Court lacked authority under 18 U.S.C. § 3583(e) to extend his term of supervised release in view of the Court's simultaneous ordering of home detention as a condition of such release. We disagree and therefore affirm.

Kremer pled guilty to theft of mail by a postal employee, in violation of 18 U.S.C. § 1709, and was sentenced in 1993 to five years of probation. In March 1998, after a second violation of probation,[1] his probation was revoked, and he was sentenced to four months of incarceration to be followed by two years of supervised release. The two-year period began on July 31, 1998, after his release from confinement. On July 11, 2000, during the term of supervised release, Kremer was brought before the District Court for a violation of such release, which he admitted. The Court amended its prior judgment by extending the term of supervised release from two to three years and also requiring Kremer to serve a three-month period of home detention as a condition of the extended supervised release. On August 17, 2001, Kremer was sentenced to twelve months of incarceration for a violation of a condition of supervised release that occurred during the third year of his extended term of supervised release.

Kremer challenges the sentence on the ground that the District Court lacked authority to extend his term of supervised release. He bases this argument on 18 U.S.C. § 3583(e), which specifies in four subsections the actions a district court may take with respect to supervised release, either to terminate such release or to respond to a violation of such release. Kremer's argument has several steps. First, he notes, the word "or" precedes subsection 3583(e)(4), implying that the powers specified in the four subsections are alternatives and may not be combined. *See United States v. Koehler*, 973 F.2d 132, 134–36 (2d Cir.1992) (subsections of section 3583(e) are to be read in the disjunctive), *abrogated on other grounds, Johnson*

---

* Honorable Jed S. Rakoff of United States District Court for the Southern District of New York, sitting by designation.

1. For a prior violation of probation, Kremer's probation was conditioned on his serving three months of home detention.

*v. United States,* 529 U.S. 694, 703–13, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (construing subsection 3583(e)(3) to permit both revocation and extension of supervised release). Next, he points out, subsection 3583(e)(4) permits home detention, but "only as an alternative to incarceration." Finally, he concludes, subsection 3583(e)(4) "does not permit home confinement to be ordered as a condition of supervised release," Brief for Appellant at 11. Although Kremer's syllogism would seem to challenge the lawfulness of the three months of home detention imposed on July 11, 2000, which he has long since served, his ultimate point is that because, in his view, home detention could not have been imposed under subsection 3583(e)(4) *as a condition of supervised release,* there was no authority for the District Court simultaneously to impose home confinement *and* to extend by one year his term of supervised release.

Whether or not Kremer properly interprets subsection 3583(e)(4), an issue we need not decide, his argument must be rejected for the basic reason that the District Court's July 11, 2000, action was authorized by subsection 3583(e)(2). That subsection permits a court, upon finding a violation of supervised release, to "extend a term of supervised release if less than the maximum authorized term was previously imposed, *and* . . . modify, reduce, or enlarge the conditions of supervised release . . . pursuant to . . . the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2) (emphasis added). The District Court's July 11, 2000, sentence explicitly extended the term of supervised release from two to three years and imposed three months of home detention as a condition of supervised release. Moreover, home detention is authorized by a provision "applicable to the initial setting of the terms and conditions of post-release

supervision," 18 U.S.C. § 3583(e)(2), namely, 18 U.S.C. § 3583(d), which authorizes as a condition of supervised release (subject to limitations not challenged on this appeal) several of the conditions available for probation, explicitly including home detention, 18 U.S.C. § 3563(b)(19).

Because the one-year extension of supervised release was validly ordered, Kremer's challenge to the current sentence for violating the extended term must be rejected. The judgment of the District Court is affirmed.