**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7520**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAEED ABDUL MUHAMMAD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:08-cr-00146-REP-1)

Submitted:  September 24, 2021                    Decided:  October 20, 2021

Before WYNN, THACKER, and RUSHING, Circuit Judges.

Vacated and remanded by published opinion.  Judge Thacker wrote the opinion, in which Judge Wynn and Judge Rushing joined.

Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Robert J. Wagner, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

THACKER, Circuit Judge:

Saeed Abdul Muhammad ("Appellant") moved the district court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), asserting that his increased risk for severe illness from COVID-19 due to his age and medical conditions constituted extraordinary and compelling circumstances supporting his immediate release. Appellant filed his motion for a sentence reduction 149 days after asking the warden of Federal Correctional Institution ("FCI") Loretto, the facility where he is imprisoned, to file the motion on his behalf and 132 days after the warden denied his request to do so.

The district court held that because the warden responded to Appellant's request within 30 days, pursuant to § 3582(c)(1)(A), Appellant had to exhaust his administrative remedies before he could file a motion on his own behalf. But Appellant did not appeal the warden's denial through the Bureau of Prison's administrative remedy program and thus did not exhaust his administrative remedies. Therefore, the district court denied Appellant's motion without reaching the merits.

Reviewing this statutory interpretation question de novo, *United States v. Savage*, 737 F.3d 304, 306–07 (4th Cir. 2013), we conclude the district court erred in its interpretation of § 3582(c)(1)(A). Therefore, we vacate the dismissal and remand for further proceedings consistent with this opinion.

I.

Appellant is currently serving a 210-month sentence at FCI Loretto based on his convictions for conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 846

2

and knowingly possessing with the intent to distribute a mixture and substance containing detectable amounts of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). On March 31, 2020, Appellant submitted an "Inmate Request for Compassionate Release Consideration Form" based on a "Debilitated Medical Condition." J.A. 53.[1] In support of his request, Appellant explained that his chronic hypertension and cardiac arrhythmia combined with his inability to properly social distance in an institutional facility placed him at increased risk of contracting and experiencing severe illness from COVID-19. Seventeen days later, on April 17, 2020, the FCI Loretto warden denied Appellant's request because Appellant had "not been diagnosed with an incurable, progressive illness" or "suffered from a debilitating injury from which [he would] not recover" and was not otherwise "completely disabled." *Id.* at 55. The warden's denial concludes, "[i]f you are dissatisfied with this response, you may appeal through the Administrative Remedy Program." *Id.* It is undisputed that Appellant did not appeal through the Bureau of Prison's administrative remedy program. Instead, on August 27, 2020, Appellant filed his § 3582(c)(1)(A) motion in the district court.

On September 4, 2020, the Government filed a response in opposition to Appellant's motion in which the Government conceded the district court had authority to rule on the motion but argued the motion should be denied on the merits. Specifically, the Government reasoned, "[b]ecause defendant filed his motion for compassionate release with the Court after the lapse of thirty days from the receipt of his request by the Warden,

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

. . . his motion is properly before the Court pursuant to 18 U.S.C. § 3582(c)(1)(A)." *Id.* at 59. But the Government argued that Appellant's motion should be denied because he has not demonstrated extraordinary and compelling circumstances justifying a reduction and the 18 U.S.C. § 3553(a) factors counsel against Appellant's release. On September 29, 2020, the district court denied the motion, concluding § 3582(c)(1)(A) required Appellant to first exhaust his administrative remedies before he could file a motion with the district court. Because the district court held Appellant had not exhausted his remedies, it did not address the merits of Appellant's motion.

On October 13, 2020, Appellant timely appealed, asking this court to reverse the decision of the district court and remand with instructions to resolve the motion on its merits. The government agrees with Appellant that remand is appropriate.

II.

As with all cases involving statutory interpretation, we begin our analysis with the text of the governing statute. *Snyder's-Lance, Inc. v. Frito-Lay N. Am., Inc.*, 991 F.3d 512, 516 (4th Cir. 2021). "'[W]hen the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'" *United States v. Wayda*, 966 F.3d 294, 303 (4th Cir. 2020) (quoting *Lynch v. Jackson*, 853 F.3d 116, 121 (4th Cir. 2017)).

III.

With these principles in mind, we set out to determine whether § 3582(c)(1)(A)'s threshold requirement that Appellant request the Bureau of Prisons to file a motion on his behalf and exhaust his administrative remedies or wait 30 days from the date of such

4

request to file his own motion is a jurisdictional prescription and thus appropriately raised *sua sponte* by the district court. We further consider whether Appellant satisfied the requirement -- namely, whether the threshold requirement was satisfied when Appellant filed his § 3582(c)(1)(A) motion in the district court more than 30 days after he submitted his request to the warden, but without pursuing an administrative appeal.

Section 3582(c) sets forth exceptions to the general rule that courts may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . ."). In the words of the statute, courts may reduce the term of imprisonment:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or** the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier** . . . .

*Id*. § 3582(c)(1)(A) (emphasis supplied).

The text of § 3582(c)(1)(A) plainly provides that a defendant may file a motion on his own behalf 30 days after the warden receives his request, regardless of whether the defendant exhausted his administrative remedies. Moreover, § 3582(c)(1)(A)'s threshold requirement is non-jurisdictional and thus subject to waiver.

A.
The Threshold Requirement is Non-Jurisdictional

Although the statute plainly requires Appellant to complete certain steps before filing his motion in the district court, we understand this requirement to be non-jurisdictional, and thus waived if it is not timely raised. *United States v. Marsh*, 944 F.3d

5

524, 529 (4th Cir. 2019). Not all threshold requirements are jurisdictional. *Stewart v. Iancu*, 912 F.3d 693, 700 (4th Cir. 2019). The Supreme Court has distinguished jurisdictional prescriptions, which govern a court's adjudicatory authority, from non-jurisdictional "claim-processing" rules or "prudential prerequisites to suit," which do not strip a court of its adjudicatory authority. *Id.* at 700–701 (internal quotation marks omitted). "Only if the statutory text plainly shows that Congress imbued a procedural bar with jurisdictional consequences should a court treat a rule as jurisdictional." *Id.* at 700. (internal alterations and quotation marks omitted); *accord Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850 (2019). While Congress need not use "magic words" to render a prescription jurisdictional, it "must do something special, beyond setting an exception-free" requirement even when such a requirement is "framed in mandatory terms." *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015).

The text of § 3582(c)(1)(A) does not plainly demonstrate that Congress imbued the so-called exhaustion requirement with jurisdictional consequences. Section 3582(c) is not part of a jurisdictional portion of the criminal code, *see* 18 U.S.C. § 3231, but, rather, it is part of the chapter dealing generally with sentences of imprisonment. Moreover, the statute "neither 'speak[s] in jurisdictional terms' nor 'refer[s] in any way to the jurisdiction' of the courts." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) (alterations in original) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

We conclude, as have many of our sister circuits, that the statute's requirement that a defendant satisfy the threshold requirement before filing a motion in the district court is a non-jurisdictional claim-processing rule. *See United States v. Garrett*, — F.4th —, No.

6

20-61083, 2021 WL 4343293, at *4 n.7 (5th Cir. Sept. 24, 2021) ("Section 3582(c)(1)(A) is a non-jurisdictional claims-processing rule and, therefore, may be waived."); *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) ("[L]ike many of our sister circuits, we conclude that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional."); *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule . . . ."); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) ("This requirement is a mandatory claim-processing rule."); *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) ("Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional . . . ."); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("[T]he United States has not invoked the statute's exhaustion requirement, thus forfeiting its benefit. Failure to exhaust administrative remedies is an affirmative defense, . . . not a jurisdictional issue that the court must reach even if the litigants elect not to raise it."); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) ("Nothing in the text of this provision indicates that the procedural requirements are jurisdictional."); *Alam*, 960 F.3d at 833 ("Nothing in this administrative exhaustion requirement clearly limits our jurisdiction."); *accord United States v. Hald*, 8 F.4th 932, 942 n.7 (10th Cir. 2021).

Because the requirement is not jurisdictional, it may be waived or forfeited. *See United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017) ("Because the government failed to raise this non-jurisdictional limitation below, it is waived on appeal."). The district court therefore erred by *sua sponte* dismissing the motion based on the threshold requirement, even assuming Appellant had not completed the prerequisites to suit.

7

### B.
### Appellant Satisfied the Threshold Requirement

Turning to the second issue, whether or not Appellant satisfied the threshold requirement in § 3582(c)(1)(A), we conclude that he did. According to the statute's plain text, once a defendant completes the initial step of requesting that the Bureau of Prisons bring a motion on their behalf, the defendant may file a motion with the court after (1) "fully exhaust[ing] all administrative rights to appeal . . . ___or___" (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, ___whichever is earlier___ . . . ." § 3582(c)(1)(A) (emphasis supplied). The words "or" and "whichever" make it unambiguously clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement. *Garrett*, — F.4th —, 2021 WL 4343293, at \*2 ("And it's just as plain that 'whichever' of those events occurs 'earlier' triggers the right to file in the district court.").

The conclusion that § 3582(c)(1)(A) outlines two routes -- one of which does not require exhaustion of administrative remedies -- is further supported by the concurring conclusions of our sister circuits. *See id.* ("[A] prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court."); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020) (holding the district court erred by concluding, "because the Warden denied [the defendant's] request within thirty days, he was required to completely exhaust the administrative remedy process."); *Alam*, 960 F.3d at 833 (6th Cir. 2020) (Defendants "must fully exhaust all

administrative rights or else they must wait for 30 days after the warden's receipt of their request." (internal alterations and quotation marks omitted)).

IV.

Therefore, we readily conclude that the threshold requirement in § 3582(c)(1)(A) is non-jurisdictional and satisfied if a defendant requests the Bureau of Prisons to bring a motion on their behalf and *either* fully exhausts all administrative rights to appeal the Bureau's decision *or* waits 30 days from the date of their initial request to file a motion in the district court. Appellant has satisfied that requirement here. He did not exhaust his administrative remedies, but he did file his motion 149 days after asking the FCI Loretto warden to file the motion on his behalf. Therefore, the district court erred in *sua sponte* dismissing the motion.

V.

For the foregoing reasons, the district court's dismissal of Appellant's § 3582(c)(1)(A) motion is vacated, and we remand for consideration of the merits.[2]

*VACATED AND REMANDED*

---

[2] This opinion is published without oral argument pursuant to this Court's Standing Order 20-01, https://www.ca4.uscourts.gov/docs/pdfs/secondamendedstandingorder20-01.pdf (amended Aug. 24, 2020).