# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7408

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VASILIOS DOURDOUMIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Senior District Judge.  (2:11-cr-00055-RBS-DEM-1)

Submitted:  November 10, 2021                     Decided:  November 23, 2021

Before WILKINSON, THACKER, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Vasilios Dourdoumis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vasilios Dourdoumis appeals the district court's orders denying Dourdoumis' motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 ("the Act"), and denying Dourdoumis' motion for reconsideration. After sua sponte raising the administrative exhaustion requirements under the Act and affording Dourdoumis an opportunity to establish that he satisfied the exhaustion requirements, the district court determined that Dourdoumis failed to exhaust his administrative remedies and denied compassionate release on that ground, and then summarily denied Dourdoumis' motion for reconsideration. We vacate and remand.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the Act, if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A reduction may be granted only upon a motion filed by either the Director of the BOP or "the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

This court recently held in *United States v. Muhammad*, 16 F.4th 126, 2021 WL 4888393 (4th Cir. Oct. 20, 2021), that, "[a]lthough [§ 3582(c)(1)(A)] plainly requires [a prisoner] to complete certain steps before filing his motion [for compassionate release] in the district court, . . . this requirement [is] non-jurisdictional, and thus waived if it is not

2

timely raised." *Id.* at \*2. Because the district court sua sponte raised the administrative exhaustion issue in *Muhammad*, we held that the court reversibly erred when it dismissed Muhammad's motion for compassionate release "based on the threshold requirement, even assuming [Muhammad] had not completed the prerequisites to suit." *Id.* at \*3.

The district court here did not have the benefit of our decision in *Muhammad* when it sua sponte raised the administrative exhaustion issue and denied Dourdoumis' motion for compassionate release because he failed to establish that he satisfied the Act's threshold requirement for filing such a motion. We therefore vacate the court's order denying Dourdoumis' motion for compassionate release and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Because we vacate the district court's order denying Dourdoumis' motion for compassionate release, we decline to consider Dourdoumis' appeal of the court's order denying his motion for reconsideration.