**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7730**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO LIWAYNE BARNES, a/k/a L.B.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:18-cr-00150-RGD-RJK-3)

Submitted:  December 13, 2021						Decided:  January 18, 2022

Before NIEMEYER, Circuit Judge, KEENAN and FLOYD, Senior Circuit Judges.

Remanded by unpublished per curiam opinion.

Lorenzo Liwayne Barnes, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Liwayne Barnes appeals the district court's order denying his renewed motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. Barnes argued that he was particularly susceptible to severe illness or death from COVID-19 due to his preexisting conditions and had a heightened risk of contracting the virus within his facility. Without ordering a response from the Government, the district court denied relief because Barnes had failed to fully exhaust his administrative remedies and, even if he had satisfied the exhaustion requirement, he had not demonstrated extraordinary and compelling reasons for his early release.[1] We conclude that the district court improperly denied relief on the ground that Barnes had failed to exhaust his administrative remedies, and we remand for further proceedings so that the court may consider Barnes' motion in light of his current condition and circumstances.

We review a district court's ruling on a compassionate-release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (per curiam), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."

---

[1] The district court correctly determined that it lacked the authority to release Barnes to home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). But Barnes' motion is also fairly construed as a motion for a sentence reduction under the compassionate-release statute, which the court had the authority to grant.

*United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). "[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). Instead, the court "must consider the [18 U.S.C.] § 3553(a) sentencing factors to the extent that they are applicable in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *Id.* (cleaned up).

Initially, we conclude that the district court improperly raised the exhaustion issue sua sponte. But that is because it did not have the benefit of our decision in *United States v. Muhammad*, 16 F.4th 126 (4th Cir. 2021), where we held that the exhaustion requirement is "non-jurisdictional, and thus waived if it is not timely raised." *Id.* at 129. In *Muhammad*, we also held that a defendant may satisfy the exhaustion requirement by "wait[ing] 30 days from the date of [his] initial request to file a motion in the district court." *Id.* at 131. And Barnes satisfied that requirement here by waiting more than 30 days from the denial of his initial request to file his compassionate-release motion.

3

We decline to consider whether the district court abused its discretion in denying Barnes' motion on the ground that he had failed to demonstrate an extraordinary and compelling reason for his early release. Barnes' condition and circumstances have changed materially since the court denied his motion. Although the court may still determine that Barnes is ineligible for compassionate release or that the § 3553(a) factors do not warrant his release, we conclude that Barnes should have the opportunity to argue why he is entitled to compassionate release based on his current condition and circumstances. Accordingly, we remand to the district court for further proceedings and deny Barnes' motion for compassionate release filed in this court.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REMANDED*

---

[2] By this disposition, we express no view on the merits of Barnes' motion filed in the district court.