**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6854**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GABRIEL Z. KERSHAW.

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:16-cr-00258-CMC-1)

Submitted:  December 17, 2021                 Decided:  January 19, 2022

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Gabriel Z. Kershaw, Appellant Pro Se. Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Z. Kershaw appeals the district court's order denying his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 ("the Act"). After sua sponte raising the administrative exhaustion requirements under the Act, the district court determined that Kershaw had failed to exhaust his administrative remedies and denied compassionate release on that ground. We vacate and remand.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A reduction may be granted upon a motion filed by either the Director of the Bureau of Prisons (BOP) or "the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

We recently held in *United States v. Muhammad*, 16 F.4th 126, 129-30 (4th Cir. 2021), that, "[a]lthough [§ 3582(c)(1)(A)] plainly requires [a prisoner] to complete certain steps before filing his motion [for compassionate release] in the district court, . . . this requirement [is] non-jurisdictional, and thus waived if it is not timely raised." *Id.* at 129. Because the district court sua sponte raised the administrative exhaustion issue in *Muhammad*, we held that the court reversibly erred when it dismissed Muhammad's motion for compassionate release "based on the threshold requirement, even assuming [Muhammad] had not completed the prerequisites to suit." *Id.* at 130.

2

The district court here did not have the benefit of our decision in *Muhammad* when it sua sponte raised the administrative exhaustion issue and denied Kershaw's motion for compassionate release on exhaustion grounds. We therefore vacate the court's order denying Kershaw's motion for compassionate release and remand for further proceedings in light of our decision in *Muhammad*. We deny Kershaw's motions for default judgment against the United States and for the production of transcripts at government expense. We also deny relief on Kershaw's challenge to the district court's failure to recuse.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*