**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6701**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MARKITA D. SIMON,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:18-cr-00149-RGD-DEM-1)

Submitted:  December 29, 2021                Decided:  February 4, 2022

Before NIEMEYER and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Markita D. Simon, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markita D. Simon appeals from the denial of her motion for compassionate release. The district court denied the motion, ruling *sua sponte* that Simon had failed to exhaust administrative remedies and that the court lacked the authority to release Simon to home confinement. Finding the district court erred, we vacate and remand for further proceedings.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A reduction may be granted only upon a motion filed by either the Director of the Bureau of Prisons (BOP) or "the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). However, "[a]lthough the statute plainly requires [a prisoner] to complete certain steps before filing his motion [for compassionate release] in the district court, we understand this requirement to be non-jurisdictional, and thus waived if it is not timely raised." *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021). Thus, even though Simon admitted that she had not exhausted her administrative remedies before filing her motion, the Government did not invoke the threshold prerequisites to suit, and it was accordingly error for the district court to *sua sponte* raise the issue. *See id.* at 130.

Regarding release to home confinement, the district court correctly ruled that a district court lacks the authority to convert a custodial sentence to one of home

confinement. *See United States v. Saunders,* 986 F.3d 1076, 1078 (7th Cir. 2021). However, if the district court found home confinement to be appropriate, the court could have granted the motion for compassionate release and imposed home confinement as a term of supervised release. *See United States v. Kremer*, 280 F.3d 219, 220-21 (2d Cir. 2002) (upholding the district court's decision to extend the defendant's term of supervised release by one year and impose "three-month period of home detention as a condition of the extended supervised release" after finding the defendant violated supervised release).

While expressing no opinion on the merits of Simon's motion, we vacate the district court's order and remand for further proceedings.[*] We deny Simon's motions for appointment of counsel and deny her motion for bail pending appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] On appeal, Simon has presented numerous arguments regarding the merits of her motion. While these are inappropriately proffered for the first time on appeal, Simon is free to raise her claim on remand in the district court.

3