**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-7171

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

CALVIN ANTONIO SPENCER,

    Defendant – Appellant.

Appeal from the United States District Court for the District of North Carolina at Elizabeth City. Terrence W. Boyle, District Judge. (2:92-cr-00026-BO-1)

Submitted: December 30, 2021       Decided: February 7, 2022

Before HARRIS and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Antonio Spencer appeals from the district court's order denying his motion for compassionate release. On appeal, Spencer asserts that the district court failed to provide an explanation for its rejection of Spencer's arguments regarding the 18 U.S.C. § 3553(a) factors. The Government asserts that the district court lacked jurisdiction over the motion, given Spencer's failure to exhaust administrative remedies. We vacate and remand for further proceedings.

Courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" upon a motion by the Director of the Bureau of Prisons (BOP) or by the defendant after he has exhausted his administrative remedies with the BOP. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant has exhausted his administrative remedies when he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, the district court did not address exhaustion, and the Government argues that the district court erred by failing to consider the jurisdictional issue or by implicitly waiving the exhaustion requirement. We recently held that although § 3582(c)(1)(A) "plainly requires [a prisoner] to complete certain steps before filing his motion [for compassionate release] in the district court, we understand this requirement to be non-jurisdictional, and thus waived if it is not timely raised." *United States v. Muhammad,* 16 F.4th 126, 129 (4th Cir. 2021). However, although exhaustion is not jurisdictional, in this case, the Government raised and relied upon the requirement in district court and thus did not waive

2

its application. The district court here did not consider whether waiver was appropriate or whether Spencer had exhausted his administrative remedies. We find that the district court erred by failing to address the requirement, as it was raised by the Government. *See United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017) (noting that nonjurisdictional, claim-processing rules should be "rigidly applied when invoked by a litigant" (internal quotation marks omitted)).

Spencer asserts that the district court did not adequately address his arguments in favor of compassionate release when it considered the 18 U.S.C. § 3553(a) sentencing factors. We review for abuse of discretion the district court's denial of a motion for compassionate release. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted). When considering a motion for compassionate release, even if the court finds extraordinary and compelling reasons to support relief,[1]
 it retains the discretion to deny a defendant's motion after balancing the applicable § 3553(a) factors. *See United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

---

[1] Here, the district court did not address the question of whether an extraordinary and compelling reason for release existed.

3

Spencer identifies numerous factors that he raised in support of his request for compassionate release that he asserts the district court failed to address in ruling on his motion, including the educational programming Spencer had undertaken, his excellent disciplinary record, his efforts to pay restitution, the lack of prison time served prior to his current incarceration, and the risks he faced due to COVID-19 given his preexisting medical conditions. In *High*, we held that, in accordance with the Supreme Court's decision in *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), a district court is not required to expressly acknowledge and address each of the defendant's arguments in support of his motion for compassionate release. *High*, 997 F.3d at 188–89. Instead, the district court need only "set forth enough to satisfy [this] court that it has *considered* the parties' arguments and has a *reasoned basis* for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (alterations and internal quotation marks omitted). We explained that, "as *Chavez-Meza* makes plain, there are cases in which a minimal explanation suffices, while in other cases, more explanation may be necessary." *Id.* at 189 (internal quotation marks omitted). We also observed that we previously had adopted a presumption (the "*Legree*[2] presumption") "that the district court sufficiently considered relevant factors in deciding a section 3582(c)(2) motion," which can be rebutted if the defendant presents "a significant amount of post-sentencing mitigation evidence," and we found the *Legree* presumption applicable to High's relatively simple case. *Id.* at 190 (internal quotation marks omitted).

---

[2] *United States v. Legree*, 205 F.3d 724, 728–29 (4th Cir. 2000).

Here, the district court did not address any of Spencer's arguments, ruling simply that it had considered the "relevant factors," which under *Legree* results in a presumption that the appropriate analysis was conducted. However, this case is distinguishable from *High* in several respects sufficient to overcome the presumption and require further analysis. First, Spencer has served the majority of his sentence and provides evidence of years of rehabilitative effort, while High served only a relatively short period of incarceration before seeking compassionate release, necessarily limiting the extent of his demonstrated rehabilitation. *See id.* at 190 (noting High had only been imprisoned for a year and a half); *cf. United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (requiring additional explanation of district court's reasons for rejecting nearly two decades of prison programming and rehabilitative efforts). Moreover, the district court did not provide any explanation for rejecting Spencer's mitigating circumstances aside from noting that, given his violent criminal behavior in 1992, the sentence remained appropriate. *Cf. United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019) ("The district court must provide an individualized explanation for why Martin's steps toward rehabilitation are meaningless."). Thus, it appears that the district court may not have reweighed the sentencing factors. Considering Spencer's laudable accomplishments – particularly his successful completion of numerous classes and his alleged exemplary disciplinary record, neither of which were discussed by the district court – the record required "a more robust and detailed explanation" from the district court. *See High*, 997 F.3d at 190 (internal quotation marks omitted). Finally, we have already vacated and remanded Spencer's

5

related and similar appeal for further consideration. *See United States v. Spencer,* 2021 WL 5230800 (4th Cir. Nov. 10, 2021) (No. 21-6538).

Accordingly, we vacate the district court's order and remand for further proceedings. We deny Spencer's motion to expedite as moot and order that this case be transferred to the Western Division of the Eastern District of North Carolina and consolidated with *United States v. Spencer*, No. 5:94-cr-00054-BR-1 (E.D.N.C.), for further consideration. We express no opinion on the merits of Spencer's motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*