**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7554**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANDRACOS MARSHALL, a/k/a Draco,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:13-cr-00492-DKC-3)

Submitted: March 21, 2022                     Decided: March 29, 2022

Before KING, AGEE, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Andracos Marshall, Appellant Pro Se. Annie Meredith McGuire, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andracos Marshall appeals from the district court's order denying his motion for compassionate release. The district court denied the motion for failure to exhaust administrative remedies and, in the alternative, because the 18 U.S.C. § 3553 sentencing factors weighed in favor of continued incarceration. Finding error in both rulings, we vacate the district court's order and remand for further proceedings.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A reduction may be granted only upon a motion filed by either the Director of the Bureau of Prisons (BOP) or "the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

In *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), decided shortly after the district court's ruling, we held that, "[a]lthough the statute plainly requires [a prisoner] to complete certain steps before filing his motion [for compassionate release] in the district court, we understand this requirement to be non-jurisdictional, and thus waived if it is not timely raised." Thus, we ruled that the court erred when it sua sponte dismissed Muhammad's motion for compassionate release "based on the threshold requirement, even assuming [Muhammad] had not completed the prerequisites to suit." *Id.* at 130. Likewise here, even though Marshall does not dispute that he failed to exhaust his administrative remedies before filing his motion, the Government did not invoke the threshold

2

prerequisites to suit, and it was accordingly error for the district court to sua sponte raise the issue.

Turning to the merits of Marshall's motion, when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)). Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (alteration and internal quotation marks omitted). Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable § 3553(a) factors. *High*, 997 F.3d at 186.

Marshall argues *inter alia* that the district court erred in finding that his criminal history weighed against his release. However, it is undisputed that Marshall did not have a criminal history. Accordingly, it was an abuse of discretion to rely on "the seriousness

of . . . [Marshall's] criminal history" to deny his motion.* Because this error could have affected the district court's weighing of the § 3553 factors, particularly the necessity for deterrence and protection of the public, we vacate the district court's order and remand for further consideration of Marshall's motion. *See United States v. Kibble*, 992 F.3d 326, 332 (4th Cir.) (noting that reliance on erroneous factual premises is an abuse of discretion in compassionate release proceedings), *cert. denied*, 142 S. Ct. 383 (2021). We deny Marshall's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

\* The Government argues on appeal that the district court stated it relied on Marshall's criminal history but did not say which way it weighed the factor and that the district court likely concluded that this factor weighed in Marshall's favor. The Government's argument is without support. The district court stated that the "seriousness of the offense conduct and his criminal history are simply not offset by the current COVID-19 public health situation." The district court clearly found that Marshall's "criminal history" weighed against release.