**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6099**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SILAS THOMAS KING,

Defendant - Appellant.

_____

**No. 25-6100**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SILAS THOMAS KING,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:01-cr-00210-MOC-3; 3:01-cr-00211-MOC-1)

_____

Submitted: June 12, 2025                    Decided: June 17, 2025

_____

2

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Silas Thomas King, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silas Thomas King appeals the district court's order denying without prejudice his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release for failure to exhaust his administrative remedies before the warden of his facility. We review this issue de novo. *See United States v. Muhammad*, 16 F.4th 126, 127 (4th Cir. 2021) (addressing administrative exhaustion requirement in compassionate release context as statutory interpretation issue and reviewing de novo); *see also Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("We review de novo a district court's dismissal for failure to exhaust available administrative remedies.").

A "defendant may move for compassionate release after [he] has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022) (cleaned up); *see* 18 U.S.C. § 3582(c)(1)(A). On appeal, King cites *United States v. Evans*, 504 F. Supp. 3d 519, 527 (E.D. Va. 2020), in support of his claim that he did not need to request the warden to bring a motion on his behalf because he sought only to file a renewed motion for compassionate release. In *Evans*, the district court held that the defendant did not need to begin anew the administrative exhaustion process for a motion to reconsider because she had requested the warden to file a motion for her less than six months prior. *Id.* King's motion here is not a renewed motion; it is an entirely new motion for compassionate release, and he has not satisfied either of the routes required for review before the district court. *See Ferguson*, 55 F.4th at 268.

3

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
